STATE OF OREGON, RESPONDENT, v. N. R. PACKARD,
APPELLANT.

INDICTMENT.—Where the statute makes it a criminal offense "willfully and knowingly to charge, take or receive any fee or compensation, other than that authorized or permitted by law, for any official service or duty performed " by an officer, the indictment should show for what service or duty the charge was made or the money taken.

APPEAL from Wasco County.

The defendant was indicted under § 636 of the Criminal Code, which provides as follows: "If any officer of this State, or of any county, town, or other municipal or public corporation therein, * * * shall willfully and knowingly charge, take or receive any fee or compensation, other than that authorized or permitted by law, for any official service or duty performed by such officer, * * * such officer, upon conviction thereof, shall be punished by imprisonment in the penitentiary not less than six months nor more than one year, or by fine not less than fifty nor more than five hundred dollars, or by dismissal from office with or without either or any of such punishments."

The offense is set forth in the indictment in the following language:

"Said Newton R. Packard, in the county of Wasco aforesaid, on the 4th day of January, A. D. 1870, being then and there an officer of said Wasco County, State of Oregon, to wit, the County Clerk of said county, duly elected and qualified to act as such, there and then acting as such clerk; and the said Newton R. Packard having then and there received the sum of four thousand two hundred and seventy and eighty-one one-hundredths dollars, as his full and lawful fees and compensation for official services, rendered by the said Newton R. Packard as such clerk, for said Wasco County, prior thereto; the said Newton R. Packard did, then and there, willfully, knowingly and feloniously, charge the said county of Wasco, for said official services performed by him as such officer, a compensation other than that authorized by law, to wit: The said Newton R. Pack-

ard did, then and there, charge said Wasco County, and have the same allowed him by the County Court of said county, the sum of eight hundred and fifty-four and seventeen one-hundredths dollars, as an additional compensation for said service, rendered by said Newton R. Packard as such clerk, for said county, prior thereto, and for which the full compensation of four thousand two hundred and seventy and eighty-one one-hundredths dollars had been made by said county."

The defendant pleaded not guilty.

On the trial the State offered a record of the County Court, in the following words: "That N. R. Packard be allowed the difference between county warrants sold at eighty cents, on $4270.81 received by him as County Clerk, the sum of $854.17." The defendant objected, but the record was read in evidence, and the defendant excepted to the ruling.

The defendant was convicted and fined $500. Before sentence he filed a motion in arrest of judgment, based upon the ground that the facts stated in the indictment do not constitute a crime. The motion was overruled, and defendant, having excepted to the ruling, appeals.

*Orlando Humason, and Hill, Thayer & Williams,* for Appellant.

In certain cases the County Court may allow to any officer or person performing service, additional compensation, when that prescribed is deemed inadequate for the service. (Mis. Laws, ch. 20, §§ 16, 22.) It does not appear that the services of defendant were not of this character.

Unless from the facts stated it affirmatively appear that the act done was unlawful it will be presumed to have been lawful. (Civ. Code, § 766.)

Defendant is entitled to be apprised of the particular official act for which the overcharge was made. (1 Wharton Crim. Law, § 285 and note *g.*) The indictment should state the legal fee allowed and the overcharge or extortion on the part of the officer. The offense could not be committed with reference to an official act or service for which

the law had fixed no compensation, nor for an official act, known to the County Court, for which they might deem the compensation allowed by law inadequate and in their discretion allow additional compensation. (Whart. Prec. Ind. and Pleas, 909, note *m.*) The officer could not commit the crime without the act for which the charge was made was imposed upon him as an official duty. No act could be proven except the act alleged. No act is alleged in the indictment. He could not plead his present conviction in bar of another prosecution. (1 Pick. 171; 15 Mass. 525; 10 Mass. 211.)

The record of the County Court should not have been admitted in evidence. It shows that the amount received by defendant was allowed him to make up the difference between the face value of county scrip and the amount that had been realized on the sale of such scrip, and not as pay for any official service whatever. If the jury were allowed to consider this as in any manner proving the charge in the indictment, it may have misled them. (3 Cow. R. 612; 1 Comstock, 519; 3 Hill, 194.)

*S. Ellsworth,* for Respondent.

The indictment follows the statute *in ipsissimis verbis,* and nothing could have been added that would not have been mere evidence. (1 Ogn. 266; 2 Wheat. Crim. L. §§ 2514, 2516.)

The verdict is sufficient to support the judgment of conviction. (Crim. Code, § 179; 3 Wheat. Crim. L. § 3048.)

An alleged irregularity in the proceedings of the Circuit Court cannot be considered here, unless it is presented by affidavit supporting a motion for a new trial. (Civ. Code, §§ 235, 236.)

By the Court, UPTON, J.:

The case turns upon the sufficiency of the indictment. It is insisted on the part of the State that the offense is described in the language of the statute, and Wharton's Am. Cr. L. § 364, is cited to show that that mode of charging the acts that constitute the crime is sufficient. That author

says: "It is a well-settled general rule that in an indictment for an offense created by statute it is sufficient to describe the offense in the words of the statute;" and the position is undoubtedly correct as a general rule. The question whether the offense is described in the words of the statute, includes the question whether the acts constituting the crime are stated with "the circumstances that are necessary to constitute a complete crime." (Crim. Code, §§ 69, 72.)

An indictment cannot be said to describe the offense in the words of the statute, or in any words, unless it charges the acts which constitute the offense; and when an act is not criminal, unless done under particular circumstances referred to in the statute, the indictment does not follow the statute or describe the offense in the words of the statute unless it is direct and certain as to those particular circumstances mentioned in the statute.

In this case, it is an essential matter that the money willfully and knowingly charged, taken or received, be charged, taken or received for some "official service or duty performed by such officer," and that the fee or compensation be "other than that authorized or permitted by law" for that service. One of the particular circumstances mentioned in the statute as necessary to make such charging, taking or receiving money criminal is, that it must be taken for an official service or duty. Another is, that the money is other or more than is authorized or permitted by law for the official service or duty. To state that the defendant took money for official services, embraces the statement of a conclusion; and to state that the amount of money mentioned is more than is permitted by law for services without stating what the services were, is a statement of another conclusion. An issuable fact which is essential to be known in order to determine the correctness of either of these conclusions is, what were the services for which the money was charged, taken or received.

If the defendant wrongfully, willfully, knowingly, and even fraudulently and corruptly charged and received money

from the county, it is not a violation of this particular section of the statute unless he charged or received it for an official service or duty. It is therefore necessary to show in the indictment what service or duty it was charged or received for, that the conclusion may be lawfully drawn whether or not it was for some official service or duty and whether or not it was excessive.

If the indictment states what the service or duty is for which the money was charged, the Court can take judicial notice of the law making that an official service or duty; and if the amount of compensation is fixed by law, the Court can take judicial notice what fee or compensation is authorized or permitted by law for that particular service. But if the service or duty is not designated in the indictment, there is not such a statement of "the acts constituting the crime" as will enable the Court to determine whether or not the money was charged or received for an official service or duty, or whether or not the fee or compensation charged and received was "other than that authorized or permitted by law." These are conclusions to be drawn from facts stated in the indictment, or in other words, from a statement of the acts constituting the offense.

The distinction becomes obvious in instances like the following: If a statute defines a crime by the words "assault another with intent to commit a felony," it would not be deemed safe to use in the indictment only those words, but the pleader would *give the name* of the person assaulted, and state *what crime* the defendant intended to commit. If the statute used the words "assault with intent to kill," the pleader would not omit the name of the person assaulted, nor fail to show against whom the intent was formed, although he could in one sense follow the language of the statute without giving the name of any person.

If a statute defines a crime by the words "assault with a dangerous weapon," it would be unsafe to make the charge in those words only, but the usual course is to add the name of the weapon, as with an axe, gun or sword; or if the assault be made with an instrument which the law does not adjudge to be a dangerous weapon, as a cane, to

add, after charging that the assault was made with a cane, the averment that the cane was a dangerous weapon.

If the statute punishes the stealing of " any valuable thing, the personal property of an another," the pleader will designate the thing stolen, allege the value and name the owner, that the Court may be put in possession of facts upon which to predicate the conclusion that a valuable thing, the property of another, has been stolen.

Upon the same principle it was necessary in this case that the indictment should state what service was charged for the defendant. It is necessary for the pleader to designate the service that it may be determined whether it was an official service, and in order that it may be determined what fee or compensation was authorized or permitted by law for such service. The plea of not guilty puts in issue every material allegation of fact, and it is necessary that every material fact should be so pleaded that issue can thus be taken upon it. If the indictment states that the defendant performed certain services, not named, which were official services; that he charged a compensation therefor, other than that authorized or permitted by law, these allegations are not issuable facts, upon which the Court can predicate a judgment.

Upon a less strict theory of pleading, the indictment is bad. The pleader evidently intended to charge, in substance, that for all his official services, rendered during a certain term or period, the defendant was entitled to receive $4270.81, and no more. That he did receive from the county that sum therefor, and that he afterward charged and received from the county an additional sum of $854.17 for the same services. If this general mode of charging a crime could be sanctioned by the law, the indictment would still exhibit this defect, that it is not directly stated in the indictment that the sum of $4270.81 is the only fee or compensation authorized and permitted by law for the services referred to. The indictment states that the defendant received that sum "*as* his lawful fees and compensation," and at the close of the stating-part it says that for those services

"the full compensation of $4270.81 had been made him by the said county."

But this is not that directness and certainty of statement as to what compensation was permitted by law, required by §§ 69 and 72 of the Criminal Code. Nor is this mode of stating the acts constituting the crime sanctioned by any approved criminal law, to our knowledge. The indictment not only fails to state what the services were, but it does not directly state that $4270.81 is all the compensation or the only compensation therefor authorized or permitted by law.

The defendant's counsel has referred to certain duties of the County Clerk for which the compensation is left to the discretion of the County Court, but that subject is not shown to be pertinent to the case made by the evidence.

The transcript does not bring the merits of the case before this Court, and what evidence is noted in the exceptions indicates an attempt to show that the defendant obtained from the county additional compensation or payment because county warrants which he had received were not par. However reprehensible such conduct may be when proven against a county officer, it is a matter with which this Court has nothing to do in passing upon the questions presented by the transcript. The point already discussed is decisive of the case as presented here, and the judgment should be reversed.