JUDGE COFER
delivered the opinion of the court.
The appellee brought the suit in equity in the Boyd Criminal Court against the Howland Coal and Iron Works, a domestic corporation, and James Taussig and Samuel Schwenk, alleging in substance that he held the note of the defendant corporation for the sum of $3,004.72, which was due and unpaid. He also alleged that the note was given in part consideration of land conveyed to the corporation; and that in consideration that he would release his lien on the land Taussig and Schwenk executed to bim a guaranty that the note *683 should be promptly paid, and he prayed judgment against them for the amount of the note, but did not demand a personal judgment against the corporation.
He further alleged that the corporation had issued its bonds for $140,000, secured by a mortgage on real estate situated in Boyd County; that the corporation was insolvent, and Taussig and Schwenk were non-residents; that they each owned large amounts of stock and mortgage-bonds of the corporation which he attempted to attach by serving an attachment on the company. He likewise alleged that the corporation had pledged with Taussig and Schwenk $4,300 of its mortgage-bonds to indemnify them against loss on account of the guaranty, and sought to subject those bonds to sale to satisfy the note.
The corporation and Taussig demurred to the jurisdiction of the court; and, their demurrers being overruled, filed answers. They averred, among other things, that the appellee in his deed conveying the land for which the note sued on was given, covenanted that he had good title to the land, and that the same was unencumbered except as to some purchase-money due to Scott and Montague; that at the time of the execution of the deed a portion of the land was encumbered for a large amount by a mortgage made by Jas. M. Rice to the “Mutual Life Insurance Company ” of Kentucky; that Rice was appellee’s vendor, and that in a suit in Campbell County the mortgage had been enforced and the land adjudged to be sold. But they did not allege the amount adjudged against the land, nor offer any evidence to show what it was.
In his reply appellee in effect admitted the execution of the mortgage by Rice on a part of the land, but made an ineffectual effort to show that the mortgage was invalid, and also to show that his right was superior to that of Rice, and that therefore Rice’s mortgage is no encumbrance. And he finally alleged that the judgment had been paid except the sum of $450.
*684 December 14, 1876, Taussig’s answer was filed, and February 12, 1877, he filed his petition praying the removal of the eajuse into the Circuit Court of the United States for the Kentucky district, on the ground that at the institution of the suit, and ever since, he was and had been a non-resident of the state of Kentucky; and that he had reason to believe, and did believe, that from prejudice and local influence he would not be able to obtain justice in the state courts. He gave the necessary bond, but his motion was overruled, to which he excepted.
On final hearing the court rendered a personal judgment against Taussig and the corporation for the amount of the note, and also requiring Taussig to produce in court the mortgage-bonds of the corporation pledged to him arid Schwenk as indemnity against their liability on the guaranty.
There being no sufficient identification of the stock 'and 'bonds of the corporation sought to be attached as the property of Taussig and Schwenk, .that branch of the case was referred to the master and continued. From those judgments this appeal is prosecuted by the corporation and Taussig.
The first question presented for decision arises out of the action of the court in overruling the demurrer to its jurisdiction of the action; and the decision of that question must depend upon the constitutionality of so much of the 14th section of the act establishing the court as attempts to confer on it jurisdiction of suits in equity. The act is entitled, “An act to create a criminal court in the 16th judicial district.” (Acts 1876, vol. 1, page 48.) So much of the 14th section as is material to the question reads as follows: “The criminal court hereby created shall have jurisdiction of all actions that may be brought by equitable proceedings in circuit'courts in this commonwealth.”
“No law enacted by the general assembly shall relate to more than one subject, and that shall be expressed in the *685 title.” (Sec. 37, art. 2, Constitution.) This provision has been repeatedly construed by this court. The rule established is, that none of the provisions of a statute will be held unconstitutional when they all relate, directly or indirectly, to the same subject, have a natural connection, and are not foreign to the subject expressed in the title. (Phillips v. Bridge Co., 2 Met. 222; L. & O. T. Co. v. Ballard, 2 Met. 168; Chiles v. Drake, 2 Met. 150; Johnson v. Higgins, 3 Met. 569; McReynolds v. Smallhouse, 8 Bush, 447.)
Counsel for the appellant concede that, if the title to the act had read “an act to create an equity and criminal court” the 14th section would have been embraced by the title. This, we think, is correct, and it follows that the act does not l’elate to more than one subject. The question then is, whether the title is so restricted as to limit the act to matters pertaining to criminal jurisdiction alone. No doubt a title may be so framed as to preclude many matters being iixcluded in the act which might, with entire propriety, have been embraced in one enactment, with the matter indicated by the title, but which must be excluded, because the title was made unnecessarily restrictive. (Cooley’s Con. Lim. 149.)
The courts can not enlarge the scope of the title, but will construe liberally, so as to sustain all the provisions of. the act not clearly beyond the purview of the title. The name given to a court does not necessarily indicate the extent or character of its jurisdiction. The title gave ixotice that the act established a court, and as the regulation of its jurisdiction has a natural connection with its establishment, all the provisions of the act relating to the jurisdiction of the court thereby created are constitutional.
The second question for decision arises on the order overruling Taussig’s motion to remove the cause, so far as he was concerned, into the Circuit Court of the United States. His motion was based upon the ground that the plaintiff was a *686 citizen of Kentucky, and the defendant Taussig a citizen of the state of Missouri, and that, owing to prejudice or local influence, he would be unable to obtain justice in the state courts.
In sub-section 3 of section 639 of the Revised Statutes of the United States, it is provided, that a suit between a citizen of the state in which it is brought and a citizen of another state may be removed into the circuit court of the United States, on the petition of the latter filed at any time before the trial or final hearing of the suit, if he makes and files in said court an affidavit stating that he has reason to believe and does believe that, from prejudice or local influence, he will not be able to obtain justice in such state court.
It is a disputed question, upon which there are many conflicting decisions of both federal and state courts, whether sub-section 3 of section 639, swpra, was repealed by the act of March 3, 1875, entitled “An act to determine the jurisdiction of the circuit courts of the United States, and to regulate the removal of causes from state courts, and for other pui’poses.” (Sess. Acts, 1874-75, p. 470.) But we do not deem it necessary to consider that question in this case.
The judicial power of the United States extends to all cases in law and equity arising “between citizens of different states.” But this is not a case of that 'description.
Taussig and the “Howland Coal and Iron Works” were joint .defendants, and together represented one distinct interest involved in the litigation. The appellee sought a judgment to sell the bonds pledged by the corporation to Taussig and Schwenk as indemnity on the guaranty. No judgment for that purpose could be rendered without the presence in court of both pledgor and pledgee. As to so much of the litigation as related to those bonds, the suit was between the appellee, a citizen of this state, as plaintiff, and the Howland Coal and Iron Works, a citizen of Kentucky, and Taussig and Schwenk, *687 citizens of Missouri, as defendants. One of the joint defendants being a citizen of this state, the suit was not between “ citizens of different states.” (Strawbridge v. Curtis, 3 Cranch, 267; Sewing Machine Companies, 18 Wall. 553.)
The language of sub-section 3, section 639, Revised Statutes, does not necessarily embrace a case like this, and should not therefore be construed to embrace it, for, so construed, it would be in violation of the constitution of the United States, and the rule is, that' a statute will not be so construed as to render it unconstitutional, unless its language will not admit of any other reasonable construction.
We are therefore of the opinion that the court did not err in overruling the motion to remove the cause into the federal court.
Taussig having appeared to the action, there was no error in rendering a personal judgment against him on his guaranty for the amount of the note, unless the answers setting up a breach of the covenant in appellee’s deed that the land thereby conveyed was unencumbered, presented an available counterclaim. The answers are extremely vague, and we have experienced great difficulty in determining whether they were sufficient. The reply was equally vague; but, after a careful consideration of both, we have reached the conclusion that, although the answer may have been bad oh account of the failure to state any damage resulting from the alleged breach of the covenant, the defect was cured by the admission in the reply that a judgment had been recovered on the mortgage executed by Rice, and that $450 of it remained unpaid. The appellee having covenanted that the land conveyed by him was free from encumbrance, the existence of such encumbrance was a breach of the covenant, and such breach might be set up in an action for the purchase-money, and the defendants were entitled to an abatement out of the note sued on to the amount of the encumbrance remaining.
*688 Having no return of nulla bona, the appellee had no right to compel an enforcement of the mortgages executed by the corporation to other persons. He had a right, by attachment against the property of Taussig and Schwenk, served upon the corporation as garnishee, to subject any stock or bonds, of the corporation owned by them; and he had a right, independently of the attachment, to subject the bonds pledged as indemnity against the guaranty.
But no judgment having been prayed' against the corporation, and it being entitled to the benefit of the defense growing out of the alleged breach of covenant against encumbrances, the judgments against it and Taussig must be reversed.
Judgment reversed, and cause remanded for further proper proceedings.