[Filed January 5, 1887.]

# STATE v. AH SAM.

CRIMINAL LAW—INDICTMENT.—In an indictment, it is generally sufficient
to charge the acts coming within the statutory description in the
substantial words of the statute, without further expansion.

SAME—OPIUM DEN—EVIDENCE.—In an indictment for frequenting an
opium den for the purpose of smoking opium, where the offense is
in its nature continuing from day to day, or constituted out of a series of
minor acts, it is sufficient to charge the act as having been committed
upon a particular day.

SAME—"FREQUENTING"—QUESTION OF LAW AND FACT.—To constitute the
offense of "frequenting an opium den," &c., would require more
than one visit; how many, it seems, would be a mixed question of law
and fact, to be determined by the jury.

CLATSOP COUNTY. Defendant appeals. Affirmed.

*Raleigh Stott*, for Appellant.

*Thomas R. McBride*, for Respondent.

STRAHAN, J.—This appeal is from a conviction for the crime
of frequenting an opium den for the purpose of smoking opium.
There is no bill of exceptions, and the only question presented
is as to the sufficiency of the indictment. The indictment
charges that " The said Ah Sam, Ah Sue and Hong You, on
and about the 8th day of April, 1886, in the County of Clat-
sop, and State of Oregon, did unlawfully and feloniously enter
and frequent a certain opium den, situated on Chenamus street,
between Main and Benton streets, in the city of Astoria, in the ·
county and state aforesaid, for the purpose of then and there
smoking opium."

The main point relied upon by appellant is, that the crime of
frequenting a den is not committed until the visitor resorts to
the place so that you could say that he has the habit of being
there. Habits are not the acts of a day. The statute defining
this crime is as follows : " It shall be unlawful for any person
to frequent an opium den, for the purpose of purchasing or
smoking opium, or any preparation in which opium is the prin-
cipal medicinal agent." (Special session, 1885, Sec. 4. p. 39.)
And section 3 defines an opium den thus : " Any building

where opium is sold for the purpose of being smoked on or about the premises, or where the same is smoked, shall be considered an opium den."

When the statute sets out what acts shall constitute the offense, it is generally sufficient in the indictment to charge the defendant with acts coming fully within the statutory description in the substantial words of the statute, without any further expansion of the matter. (1 Bishop's Crim. Pro. 611 ; 1 Wharton's Crim. L., Sec. 364.) This rule has its exceptions (*State v. Packard*, 4 Or. 157 ; *State v. Dougherty*, 4 Or. 200), but I think the case now before the court does not fall within the exceptions to the general rule.

But the appellant's counsel insists that the indictment in effect charges that the defendant did *frequent* said opium den on the 8th day of April, and that the word *frequent* means *habit*, which could not be contracted in one day. If the defendant's premises were conceded, the conclusion would not necessarily follow. It is a question of evidence and not of pleading. In cases where the offense is in its nature continuing from day to day, a particular act, so to speak—of being a common drunkard—may in law be constituted out of a series of minor acts, which minor acts may be committed on different days. There being no impossibility of law that all may really occur on one day, the allegation of a single day is sufficient; and time not being of the essence of the offense, one of the minor and constituent acts may be proved as of one day, and another as of another day, and so on. This is the general, the sound, and the just doctrine ; though, as already intimated, there are in Massachusetts peculiarities of adjudication, not according with it. (Bishop on Stat. Crimes, Sec. 979; *State v. O'Connor*, 49 Me. 594.) The citations upon the hearing upon the part of appellant were mainly from the Massachusetts reports.

The object of the enactment of the statute in question was to repress a most dangerous and corrupting vice—one that strikes at the very foundations of both public health and public morals. If the statute had made a single visit to an opium den for the purpose of smoking opium punishable, there can

be no doubt it would have been more effectual; the frequenting would have been repressed, and it may be the vicious habit not formed. But this was addressed entirely to the wisdom of the legislature. As the statute stands, it would, undoubtedly, require more than one visit to constitute the offense; how many, this court cannot, as a matter of law, determine. Perhaps it is a mixed question of law and fact, to be determined by the jury under all the circumstances. In any event, as the indictment charges that the defendant frequented the den for a purpose made punishable by the statute, and the jury having found the defendant guilty, it is to be presumed after verdict that the necessary facts were established by the evidence. Every intendment in such case is in favor of the verdict.

We find no error, and the judgment must be affirmed.