[Filed April 26, 1892.]

# STATE OF OREGON v. JOHN A. SHAW.

CONSTITUTIONAL LAW—STATUTORY CONSTRUCTION—SUBJECT OF ACT.—If all the provisions of a statute relate directly or indirectly to the same subject, are naturally connected and are not foreign to the subject expressed in the title, they will not be held to violate the requirement of the constitution of Oregon, that the subject of the act must be expressed in the title; and in applying this rule, every doubt will be resolved in favor of the validity of the statute.

CRIMINAL LAW—INDICTMENT—WORDS OF STATUTE.—In indictments for statutory misdemeanors, it is sufficient to charge the offense in the words of the statute, provided the crime is thereby set forth with such certainty as will apprise the accused of the offense imputed to him.

Marion county: R. P. BOISE, Judge.

Plaintiff appeals. Reversed.

*George G. Bingham*, district attorney, for Appellant.

*Ford & Kaiser*, for Respondent.

BEAN, J.—The defendant was indicted for unlawfully discharging and depositing sawdust, planer shavings, and other lumber waste, made by a saw mill, into the waters of the Santiam river, in violation of section 8 of an act entitled, "An act to protect salmon and other food fishes in the state of Oregon and upon all waters upon which this state has concurrent jurisdiction, and to repeal sections 3489, 3490, 3491, 3492, 3493, 3494, 3495, 3496, 3497, and 3498 of Hill's Annotated Laws of Oregon," approved February 6, 1891. A demurrer to the indictment was sustained by the court below for the reason that it does not state facts sufficient to constitute a crime, and the indictment was dismissed, from which judgment the state appeals.

To sustain the rulings of the court below, it is contended that the section under which defendant was indicted is unconstitutional and void, because in violation of section 20, article VI, of the constitution, which provides, that "Every act shall embrace but one subject and matters properly connected therewith, which subject shall be

expressed in the title." The history and object of this constitutional provision, and the mischief against which it was aimed, should be kept steadily in view by the courts in its construction and application. It was intended to prevent the practice, common in legislative bodies not thus restricted, of embracing in the bill matters having no relation to each other, wholly incongruous, and of which the title gives no notice, thus securing the adoption of measures by fraud and without attracting attention; or combining subjects representing diverse interests, in order to unite the members of the legislature who favored either, in support of all. These combinations being corruptive of the legislature and dangerous to the state, are prohibited in most, if not all, the states by constitutional provision similar to ours. (Suth. Stat. Const. § 78; Cooley, Const. Lim. *142.) This provision of the constitution was not designed to embarrass legislation, but to put an end to legislation of the vicious character referred to, and has been always liberally construed to sustain legislation not within the mischief. A reasonable construction permits the single subject to be comprehensive enough for practical purposes, and great latitude is allowed the legislature in stating the subject in the title. It was not designed to require the body of the bill to be a mere repetition of the title. Neither is it intended to prevent including in the bill such means as are reasonably adapted to secure the object indicated in the title. It was intended, as said by Mr. Justice COOLEY, "to require that in every case the proposed measure should stand upon its own merits, and that the legislature should be fairly notified of its design when required to pass upon it. But this purpose is fully accomplished when the law has but one general object which is fairly indicated by its title. To require that every end and means necessary to the accomplishment of this general object should be provided for by a separate act relating to that alone, would not only be senseless but would render legislation impossible."

(*People* v. *Mahaney*, 13 Mich. 494.)   It is not directed against the generality or comprehensiveness of the title to legislative enactments, nor does it require that the title shall index the details of the act.   If the title cover the object of the act, the degree of particularity with which it shall be expressed or set out is for the legislature to determine. A disregard of this constitutional provision will be fatal, but the departure must be plain and manifest, and all doubts will be resolved in favor of the law.   The conflict between the constitution and the law should be palpable and clear before the courts should disregard a legislative enactment upon the sole ground that it embraces more than one subject.   (Suth. Stat. Law. § 82.)

If all the provisions of the law relate directly or indirectly to the same subject, are naturally connected, and are not foreign to the subject expressed in the title, they will not be held unconstitutional as in violation of this clause of the constitution.   (*O'Keefe* v. *Weber*, 14 Or. 55; *Bowman* v. *Cockrill*, 6 Kan. 311; *Howland Coal and Iron Works* v. *Brown*, 13 Bush, 681; *Montgomery* v. *B. & L. Assn. Robinson*, 69 Ala. 413; *State* v. *County Judge*, 2 Iowa, 280; *Montclair* v. *Ramsdell*, 107 U. S. 147; *Cole* v. *Hall*, 103 Ill. 30; *Gillitt* v. *McCarthy*, 34 Minn. 318; *Brewster* v. *City of Syracuse*, 19 N.Y. 116; *Kurtz* v. *People*, 33 Mich. 279; *Burnside* v. *Lincoln Co.* 86 Ky. 423; *Hall* v. *Bunte*, 20 Ind. 304.)   This clause is not violated by any legislative act having various details properly pertinent and germane to one general object.   The question is, whether, taking from the title the subject, we can find anything in the bill which cannot be referred to that subject. The general object and purpose of the act in question here is to protect salmon and other food fishes; and whatever means may tend directly or indirectly to accomplish this object, may be properly included in the act.   But it is argued that casting sawdust, shavings, or lumber waste into a stream is not in any way injurious to fish.   The legislature evidently thought otherwise, for its intention is mani-

XXII OR.—19.

fest. It assumes that sawdust, shavings, and lumber waste are substances calculated to destroy or injure fish when cast into a stream; and this seems to have been the opinion of the legislature for many years, for there has been since 1878 a law upon the statute books making it a crime to do so in certain localities. (Hill's Code, § 3493.) If there be any possible ground for holding this belief, it certainly is no function of a court to determine that the legislature was mistaken. Its view, not ours, must determine that question. But if it were necessary, we think we may safely assume, in view of the legislation upon the subject, that it is commonly supposed or believed that casting sawdust into a stream is injurious to the fish therein.

Again, it is claimed that section 8 is void, because its provisions are broader than the title of the act, for the reason that it is not by its terms confined to waters in which food fishes are wont to be, but is applicable to all the waters of the state. But here also the legislature has assumed that all the waters of the state contain food fishes. There is certainly some ground for holding this belief, and it is not the province of the court to say that the legislature was mistaken. It is not our opinion, but that of the legislature, which must determine that question so far as the constitutionality of the act is concerned. Whether a conviction could be had for casting any of the prohibited substances into waters which do not contain food fishes, or in which such fishes are not wont to be, if there are any such waters in the state, is unnecessary for us to consider at this time, as no such question is in the record.

It is also argued that the indictment in this case does not state a crime, because it does not allege that food fishes were wont to be in the Santiam river, into which it is charged defendant cast sawdust, lumber waste, and shavings. The indictment is in the language of the statute; and it is the settled rule in this state that in indictments for misdemeanors, created by statute, it is sufficient to charge the

offense in the words of the statute, subject to the qualification that the crime must be set forth with such certainty as will apprise the accused of the offense imputed to him. (*State* v. *Packard*, 4 Or. 157; *State* v. *Perham*, id. 188; *State* v. *Dougherty*, id. 200; *State* v. *Ah Sam*, 14 Or. 347; *State* v. *Light*, 17 Or. 358; *State v. Lee*, id. 488.) This indictment states the offense in the language of the statute, and clearly apprises the defendant of the offense charged against him, and is sufficient.

The judgment of the court below is therefore reversed, and the cause remanded with directions to overrule the demurrer.