## PEOPLE v. RUSSELL.

1. CRIMINAL LAW—CONTINUING OFFENSES—KEEPING HOUSE OF ILL FAME—INFORMATION.

In an information for keeping a house of ill fame, the offense may be charged as having been committed on a day certain, and on divers other days and times between that day and a previous day specified, it being a continuing offense.

2. SAME—VARIANCE BETWEEN COMPLAINT AND INFORMATION.

The information in such case is not invalidated by the fact that the complaint before the justice charged the offense as having been committed upon the particular day only.

3. HOUSE OF ILL FAME—EVIDENCE—REPUTATION OF INMATES.

In a prosecution for keeping a house of ill fame, evidence that one of the inmates of the house had borne the reputation of being a common prostitute is admissible.[1]

4. SAME—REMOTENESS.

Such evidence is not so remote as to be incompetent although it relates to reputation three years before, particularly where it covers a period down to the time the offense is charged to have been committed.

5. SAME—REPUTATION OF FREQUENTERS.

It is not necessary to prove, on a prosecution for keeping a house of ill fame, the bad reputation of men who resorted to the house, where their acts were of such a character as to

---

[1] The decisions as to evidence of the character of inmates of disorderly houses are collected in a note to *State* v. *Hull*, (R. I.) 20 L. R. A. 609.

warrant the inference that they went there for immoral pur-
poses, and the inmates are shown to have been women of evil
reputation.

6. SAME—INSTRUCTIONS—ESSENTIALS OF OFFENSE.

An instruction, in a prosecution for keeping a house of ill
fame, that if the inmates of the house were prostitutes, and
if males were seen frequenting the house at night, the jury
might convict, is not ground for reversing a conviction,
where the court also instructed that the males must have
resorted to the house for the purpose of prostitution or lewd-
ness, and that it was the use of the house, and not merely
the reputation of its inmates, that the statute was intended
to reach

Exceptions before judgment from Emmet; Adams, J.
Submitted June 19, 1896.    Decided June 30, 1896

Sarah J. Russell was convicted of keeping a house of
ill fame.    Affirmed

*B. T. Halstead*, for appellant.

*Clay E. Call*, Prosecuting Attorney, for the people.

MONTGOMERY, J.   The respondent was convicted of
the offense of keeping a house of ill fame, and brings the
case here for review.   There are a large number of
assignments of error.   We shall not discuss at length all
of them.   It will suffice to say that as to such allegations
of error as appear to be predicated upon the claim either
that the offense has not been proven, or that the character
of the men who visited the house was not shown to be
bad, we think the record is an ample reply to the conten-
tion in both respects, but shall not set out the evidence at
large in this opinion, for manifest reasons.

A motion was made to quash the information on the
ground that it does not correspond in its allegations
to the charge made in the complaint before the examining
magistrate.   The complaint before the justice stated the
offense to have been committed on the 17th day of
November, 1895.   In the information it is charged as

having been committed on the 17th day of November, 1895, and on divers other days and times between that day and the 1st day of September, 1895. In this allegation the information followed the proofs taken on the examination. It is permissible to fix the date by the date shown on the examination. *People* v. *Annis*, 13 Mich. 511; *People* v. *Whitney*, 105 Mich. 622. If other offenses than that averred in the complaint might be proven under the allegation in the information, a different question would be presented. But the charge of keeping a house of ill fame is a charge of a continuous offense, and no second prosecution could be had for any act antedating the day fixed by the complaint. *People* v. *Cox*, 107 Mich. 435. And, under a complaint alleging a particular day, proof of transactions on other previous days, the whole constituting one continuous offense, is admissible. *State* v. *Ah Sam*, 14 Or. 347. A continuing offense may be charged as having been committed on a day certain, and on divers days and times between that and another day specified. *Com.* v. *Briggs*, 11 Metc. (Mass.) 574; *State* v. *Bosworth*, 54 Conn. 1. The suggestion made at the argument that it is essential that the earlier date should be first named, we think, is without force.

It was competent to show that one of the inmates of the house was a female who had borne the reputation of being a common prostitute. *Com.* v. *Kimball*, 7 Gray, 330; *Harwood* v. *People*, 26 N. Y. 190 (84 Am. Dec. 175).

It is contended that in this case the evidence relating to the reputation of one of the inmates, covering as it did a period of some three years before the time charged, was too remote. We think the testimony not open to this objection. Reputation is not made in a day, and, when once established, may well be presumed to continue, particularly where, as in the present case, the testimony covered the period down to the time in question.

Error is assigned upon the refusal of the court to give the respondent's fourth request, which reads:

"To constitute the offense charged, the house must be resorted to by men of evil repute, as well as women of that repute, for the reason that the act of prostitution cannot be committed by persons of one sex alone; and there must be proof of the evil repute of the men who visited this house, if they did visit it, inasmuch as it has been shown that the women named as of doubtful reputation actually resided in the house, for the reason that the permanent occupants of a dwelling cannot be said to resort to it."

We think this charge was properly refused. It was not essential for the people to prove the reputation of men who resorted to this house, if they were of lewd character, and their acts were such as to warrant the inference that they resorted to the place for the purpose prohibited by the statute.

By another request the court was asked to charge that it must be shown by the people either that the men went there for the purposes of prostitution and lewdness, or else that they were men of evil repute themselves; and error is also assigned upon the instruction, given at the request of the prosecutor, as follows:

"If it is shown to the jury that the inmates of the house are prostitutes, and that males were seen frequenting the house at night, and that the respondent is the keeper of the house, then the jury may convict."

This latter instruction, standing by itself, if interpreted by the jury as a positive instruction to convict upon proof of these facts alone, would be misleading. While, from the facts stated in the request, the jury might draw such inferences as would justify a conviction, yet the bare facts stated in the instruction did not constitute the offense. But, taken as a whole, we think the charge could not have been misinterpreted, and that the substance of the request of respondent, above quoted, was given. The circuit judge charged that in order to convict, and entitle the people to a verdict of guilty, it was necessary for the people to prove beyond a reasonable doubt the

110 Mich.—4.

essential elements of the offense charged, which are—
*First*, that the house was a house of ill fame; *second*, that the respondent kept the house, or aided in the keeping of it; *third*, that it was resorted to for the purposes of prostitution and lewdness; "that it is the use of the house, and not merely the repute of its inmates, which the particular statute under which this charge is brought was intended to reach." And in another portion of his charge he stated:

"It is not sufficient that the house should be a house of evil repute, or ill fame. It must be resorted to by persons for the purposes of prostitution or lewdness. Now, in relation to that, I will say to you that the bare fact of some women living there, who have an evil reputation,—the reputation of being prostitutes,—would not be sufficient for you to convict upon, * * * without, if anybody resorts there, they are the inducement for these other people to resort there."

We think that under this charge, taken as a whole, the jury could not have been misled, and must have understood that before a verdict of guilty would be justified there must be an actual finding that the purposes for which the house was resorted to were those named in the statute.

The rights of the respondent were fully protected on the trial, and the conviction will be affirmed.

The other Justices concurred.