Argued February 4, affirmed February 23, 1916.

## STATE *v.* UNDERWOOD.

(155 Pac. 194.)

**Indictment and Information—Sufficiency of Accusation—Language of Statute.**

1. In indictments for misdemeanors, created by statute, it is sufficient to charge the offense in the words of the statute, subject to the qualification that the crime must be set forth with such certainty as will apprise the accused of the offense imputed to him.

**Indictment and Information—Common-law Procedure—Requirements of an Indictment.**

2. While it has been the purpose of the legislature to simplify the old common-law system of criminal jurisprudence, by divesting it of many of its technical requirements which do not affect the rights of the accused, it was not intended to abolish or dispense with any of the essential requirements of an indictment.

**Indictment and Information—Description of Offense.**

3. In an indictment there should be such certainty of description as will identify the offense, so that the defendant may not be indicted for one thing and tried for another, that the defendant may know what crime he is called upon to answer, that the jury may be able to deliver an intelligible verdict, the court to render the proper judgment, and that the defendant may be able to plead his conviction or acquittal in bar of another prosecution for the same offense.

**Prostitution—Indictments under Statute—Sufficiency of Accusation.**

4. Under Laws of 1913, page 246, Section 1, making it a felony for a man to solicit or attempt to solicit any male person to have sexual intercourse with a prostitute, an indictment which charged the defendant with having unlawfully attempted to solicit a male person to have sexual intercourse with a prostitute was not sufficient, as it did not give the sex, name or identity of the alleged prostitute.

[As to what constitutes an attempt to commit a crime, see note in 20 Am. St. Rep. 741.]

From Marion: Percy R. Kelly, Judge.

Department 1.    Statement by Mr. Justice Benson.

Ernest Underwood was charged with a criminal offense under an indictment reading thus:

"The said Ernest Underwood on the 1st day of May, 1915, in the county of Marion and State of Oregon then and there being, did then and there unlawfully attempt to solicit a male person, one H. D. Mitchell, to have sexual intercourse with a prostitute."

Having been arraigned, the defendant demurred to the indictment upon the ground "that the matter set forth therein does not constitute a crime." The court having sustained the demurrer and discharged the defendant from custody, the state appeals. AFFIRMED.

For the state (appellant) there was a brief and an oral argument by *Mr. Ernest R. Ringo.*

For respondent there was a brief over the name of *Messrs. Smith & Shields,* with an oral argument by *Mr. Guy Smith.*

MR. JUSTICE BENSON delivered the opinion of the court.

The statute under which the action is prosecuted is Chapter 140, Laws of 1913, of which Section 1 reads as follows:

"If any man shall live in or about a house of ill fame, or habitually associate with or live off a common prostitute, or receive from a common prostitute any part or all of her earnings, or solicits or attempts to solicit any male person or persons to have sexual intercourse with a prostitute, he shall be deemed guilty of a felony, and upon conviction thereof, shall be punished by imprisonment in the penitentiary for not less than two years nor more than fifteen years."

At the threshold of our investigation we are somewhat puzzled in determining the true meaning of the phrase "attempt to solicit," which is used both in the statute and the indictment. Black's Law Dictionary (2 ed.) defines the word "attempt," as used in criminal law, to be:

"An effort or endeavor to accomplish a crime, amounting to more than mere preparation or planning for it, and which, if not prevented, would have resulted in the full consummation of the act attempted, but

which, in fact, does not bring to pass the party's ultimate design.''

"Solicitation" is defined by the same authority as "asking; enticing; urgent request." Now, it will be noted that the complete, substantive crime denounced by the statute is soliciting a male person to have sexual intercourse with a prostitute. Therefore, combining the definitions above quoted, the crime charged is "an effort to ask, entice, or urgently request a male person to have sexual intercourse with a prostitute, but which effort or endeavor did not result in asking, enticing, or urgently requesting a male person to have such intercourse," which seems to us to involve an absurdity.

1-3. However, without passing upon this problem, we shall consider the sufficiency of the indictment in other respects. Plaintiff insists that the indictment is sufficient, since it substantially follows the language of the statute, and cites a number of cases in support of his contention. This question is discussed in *State* v. *Shaw,* 22 Or. 287 (29 Pac. 1028), a leading case in this state in which Mr. Justice BEAN says:

"It is the settled rule in this state that in indictments for misdemeanors, created by statute, it is sufficient to charge the offense in the words of the statute, subject to the qualification that the crime must be set forth with such certainty as will apprise the accused of the offense imputed to him."

In the foregoing case we find citations to several prior decisions of this court, among them being *State* v. *Packard,* 4 Or. 157, in which is found an interesting discussion of the necessity of pleading the circumstances necessary to constitute a complete crime. From *State* v. *Dougherty,* 4 Or. 200, discussing the same question, we quote as follows:

"While it clearly appears to have been the purpose of our legislature to simplify the old common-law system of criminal jurisprudence, by divesting it of many of its technical requirements, such as do not appear to affect the substantial rights of the accused, yet we do not think that it was ever intended to abolish or dispense with any of the essential requirements of an indictment as sanctioned by the wisdom and experience of the past, and as judged and determined by the well-established rules of good reason."

In the same opinion we find quoted with approval from *People* v. *Taylor,* 3 Denio (N. Y.), 91, the following language:

"It is a general rule that there should be such certainty of description as will identify the offense, so that the party may not be indicted for one thing, and tried for another; certainty is also required, to the end that the defendant may know what crime, he is called upon to answer; that the jury may be able to deliver an intelligible verdict, and the court to render the proper judgment; and finally, that the defendant may be able to plead his conviction or acquittal in bar of another prosecution for the same offense."

The case of *State* v. *Dougherty,* 4 Or. 200, has been cited with approval by this court in *State* v. *Chapin,* 74 Or. 346 (144 Pac. 1187).

4. Applying these rules to the indictment before us, the name or identity of the alleged prostitute, is not given, nor are there any surrounding facts or circumstances narrated whereby her identity might be established. It must be conceded that the state would be under obligation to prove to the jury that there was a woman in the case, and also that she was a prostitute. The defendant would be entitled to offer evidence tending to show that she was not a prostitute, but a chaste and virtuous female. When the indictment does not in any manner disclose her identity, how can the defend-

ant be prepared to rebut the evidence of her unlawful occupation? It is urged that this doctrine must render the work of the prosecution extremely difficult, and, at times, prevent convictions; but the established principles of procedure cannot be disregarded by the courts in order to facilitate convictions.

The judgment of the trial court must be affirmed, and it is so ordered.                                    AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and MR. JUSTICE BURNETT concur.