RICHARDSON, J.
Defendant appeals his conviction of two counts of Criminal Drug Promotion. Count one charged him with knowingly remaining in a place resorted to by drug users for the purpose of unlawfully using narcotic or dangerous drugs, ORS 167.222(l)(a). Count two charged that, in the same transaction, he knowingly remained in a place used for the unlawful keeping and sale of dangerous and narcotic drugs, ORS 167.222(1)03). Defendant makes three assignments of error. First, that his motion to suppress the drugs seized should have been granted because the police officers failed to knock and announce their presence in executing the search warrant. Secondly, he claims the prosecutor, during voir dire and argument, misstated the law to his prejudice. Finally, the defendant alleges the evidence was insufficent to establish the residence involved was resorted to by drug users or used for the sale and keeping of drugs. We reverse on the grounds specified in the third assignment of error and hold the motion for judgment of acquittal on both counts should have been granted. It is unnecessary to discuss the other assignments of error.
Five police officers, only one in uniform, arrived at the residence where defendant was arrested to execute a search warrant which authorized them to search for cocaine. In the living room of the house they found four persons, including the defendant, seated around a table. On the table, which was cluttered with papers and beer containers, the officers found a plastic sandwich bag containing hashish. They also found, on the table, two small boxes with the lids closed; one contained marijuana residue and eleven marijuana cigarettes, the other contained approximately one ounce of hashish.
One of the four arrested individuals had a plastic bag of hashish in his pocket. Another individual had $1,169 on his person and $2,000 in his knapsack. This latter person was called as a witness for the state. He *[1180] testified he had brought the small box of hashish to the residence. He denied making any sale of drugs and stated he had accumulated the money for a planned trip to Guatemala. The total weight of the hashish found on the table and in the pocket of one arrested person was 250 grams.
The defendant testified he went to the residence to repair a car for one of the occupants. He had gone into the house to discuss repair of the car with its owner approximately five minutes before the police arrived and had sat down at the table approximately two minutes before the police entered the room. He testified he did not know what was in the two boxes seized from the table because they were closed. The plastic bag on the table was rolled up, he stated, but he suspected it contained drugs. Defendant has a previous conviction for criminal activity in drugs.
One of the searching police officers testified in his experience the "street value” of the total amount of hashish found in the dwelling is approximately $2,000.
At the close of the state’s presentation of evidence defendant moved for a judgment of acquittal on the grounds the state had failed to prove the residence searched was a place resorted to by drug users or was used for the unlawful keeping or sale of drugs. He contends that based upon the legislative history of ORS 167.222 the state must prove the residence had a status similar to a drug nuisance as described in ORS 474.130, which was repealed upon the enactment of ORS 167.222. This court, in State v. Smith, 31 Or App 749, 571 P2d 542 (1977), held:
"* * * Interpreted in light of its historical antecedents* * * we conclude ORS 167.222 prohibits knowingly remaining in a place where a principal or substantial purpose is the commercial sale or use of illegal drugs. In other words, we interpret ORS 167.222 as a modem version of the statute involved in State v. Sam, 14 Or 347, 13 P 303 (1887), which prohibited frequenting 'an opium den.’ ” 31 Or App at 755.
*[1181] The evidence in this case, set out above, is not sufficient to meet this standard. The motion for judgment of acquittal should have been granted.
Reversed.