[Filed December 20, 1886.]

## A. H. STARKS v. WM. STAFFORD.

APPEAL FROM JUSTICE'S COURT—IDENTIFICATION OF PARTIES.—Where, in a case in a justice's court, the plaintiff is named as "Amanda H. Starks," a notice of appeal from the judgment therein, which names the plaintiff as "A. H. Starks," is not thereby rendered insufficient.

SAME — AFFIDAVIT OF SURETY ON.—An affidavit by the surety on appeal from a justice's court in these words: "—— being first duly sworn, say that I am a resident householder within the State of Oregon, and am worth the sum of ——," is not a compliance with the statute, and is fatally defective.

UNION COUNTY.    Defendant appeals.    Affirmed.

*Robert Eakin,* for Appellant.

*Wm. M. Ramsey* and *J. W. Shelton,* for Respondent.

LORD, C. J.—This action was brought in a justice's court, and resulted in a judgment against the defendant, from which he appealed to the circuit court; but, on motion of the plaintiff, his appeal was dismissed for insufficiency of the notice and return of service; and from the judgment of that court dismissing his appeal this appeal is taken. The following is a copy of the notice of appeal and return:

"In the Justice's Court of the State of Oregon for Union Precinct and County.    *A. H. Starks,* plaintiff, v. *Wm. M. Stafford,* defendant.    To A. H. Starks, plaintiff, and T. H. Crawford, her attorney:    You will take notice that the defendant in the above entitled action appeals to the circuit court of the

State of Oregon for Union County, from the judgment rendered against the defendant, William M. Stafford, and in favor of said plaintiff, A. H. Starks, on the 13th day of December, 1884, in the above named Justice's Court, by O. F. Bell, Justice, for the sum of $84.00, and costs and disbursements, taxed at $29.40.            R. EAKIN, Attorney for Defendant."

" State of Oregon, County of Union, ss.   I hereby certify that I served the annexed notice on the within named A. H. Starks, within this county and state, on the 17th day of December, 1884, by delivering to her in person a copy of said notice of appeal, certified to by me as sheriff.   And I further certify that I also served a copy of said notice on her attorney, T. H. Crawford, by delivering to him in person a copy of said notice of appeal, certified to by me as sheriff, on the 17th day of December, 1874.            A. L. SAUNDERS, Sheriff."

The title of the cause in the complaint and the answer is : " In the Justice's Court for Union Precinct, Union County, Oregon.   *Amanda H. Starks*, plaintiff, v. *Wm. M. Stafford*, defendant."   In the notice of appeal, the plaintiff is written : " A. H. Starks, plaintiff "; but who could look at the transcript, appeal and all other proceedings, and not know that the plaintiff in either instance is one and the same person, it is difficult to comprehend.   It is hardly necessary to make any comment upon the grounds of the alleged dismissal.   The whole matter in respect to notices of appeal from justices' courts, and the service endorsed thereon, was quite recently examined by Strahan, J., in *McDonald* v. *Lancaster*, a case in which the notice and service was much less definite than any particular which can be noted here, and in which he said : "Notice, in the sense here used (Sec. 69, Justices' Code), simply means making known to the adverse party the fact that the appeal is taken.   If the notice accomplishes this, and is in writing, the statute is complied with."

There is, however, another objection to which our attention has been brought that is more serious.   It is the defect in the affidavit of the surety upon the undertaking for appeal.   It reads as follows :

" State of Oregon, County of Union, ss.   ——being first duly sworn, say that I am a resident householder within the State of Oregon, and am worth the sum of—— P. M. COFFIN."

This is not a compliance with the law, and the judgment must be affirmed.

STRAHAN, J., did not sit in this case.