[Filed April 24, 1889.]

# THE STATE OF OREGON, RESPONDENT, *v.* JOHN LEE, APPELLANT.

AS A GENERAL RULE, IT IS SUFFICIENT TO CHARGE A STATUTORY OFFENSE in the words of the statute, but when a more particular statement is necessary to set forth the facts with requisite certainty, then the particulars must be averred.

THE FLIGHT OF AN ACCUSED is a circumstance, in connection with other facts in the case, from which a jury may draw unfavorable inferences, but it is a fact to be proven by a person who knows it.

APPEAL from Washington County.

*R. Williams, Thomas H. Tongue,* and *T. B. Handley,* for Appellant.

*T. A. McBride,* for Respondent.

LORD, J.—The defendant was accused by an indictment for larceny in defacing the artificial ear-marks upon a steer, the property of another, with the intent then and thereby to convert said steer to his own use, committed as follows: "The said John Lee, on the nineteenth day of July, A. D. 1887, in the county of Washington, and state of Oregon, did feloniously, willfully, and knowingly deface certain ear-marks upon a certain steer (said steer being then and there the personal property of H. W. Scott), by then and there unlawfully and feloniously cutting off the ends of both ears of said animal, with the intent then and thereby to deface said ear-marks as aforesaid, then and there, thereby feloniously to convert said steer to his own use, said steer being then and there of the value of ten dollars."

It is contended that this indictment does not state facts sufficient to constitute a crime, in this, that it does not describe the ear-marks and how they were defaced. As a

general rule, it is sufficient to charge a statutory offense in the words of the statute, but there are exceptions to this rule, and when a more particular statement of facts is necessary to set forth such offense with requisite certainty, then such facts must be averred. (*State* v. *Sam,* 14 Or. 318.) This indictment states the offense in the language of the statute, and this is sufficient within the precedents under similar statutes.

Mr. Bishop has collected the cases bearing upon this subject, and evidently considers some of them as unsatis-factory. (Bishop's Statutory Crimes, secs. 454–461.)

For instance, in *State* v. *O'Niel,* 7 Ired. 251, the descriptive part of the indictment was as follows: "The defendant did unlawfully, knowingly, and willfully alter the mark of a certain cow, the property of Martha Beasen," etc., which the court held sufficient. "This," as Mr. Bishop says, "goes to the extreme of condensation"; and that "if he cannot pronounce it absolutely wrong in principle, still the form it sanctions plainly descends less in detail than is usual in the approved forms in analogous cases." (Bishop on Statutory Crimes, sec. 460.)

But it will be observed that the indictment in that case is much less explicit than in the case at bar, in that it not only failed to state what the mark was before alteration, but failed to state how it was altered. Here all the elements of the offense are charged. It is alleged in the indictment that the steer was the personal property of Scott, that there were artificial ear-marks upon it, and that the defendant defaced them by cutting off the ears, and that he did it with a felonious intent. Substantially, it conforms to the forms given by eminent text-writers (Bishop's Directions and Forms, sec. 166; 1 Wharton's Precedents, No. 479; Maxwell's Directions and Forms, 322); in fact, is fuller and more in detail than some of them. Every ingredient of which the offense is com-

posed is stated with sufficient certainty to give the defendant notice of the charge. As a consequence, we hold the indictment sufficient. It is suggested, however, that the record discloses other matter which renders it impossible to sustain the conviction.

The witness Scott was asked: "State what ear-marks the steer had, which you lost, at the time you lost it." This was objected to, which the court overruled, and an exception was saved. The record recites that the witness was allowed to testify that there were certain artificial ear-marks on said steer, which said witness specifically described. My associates think this was error, for the reason that the question does not necessarily relate to the steer in controversy, and unless it did so, it was clearly incompetent.

Another objection is this: In certain cases, the flight of one accused of crime is permitted to be shown as a circumstance, in connection with other facts in the case, from which the jury may draw unfavorable inferences against the prisoner. The defendant being under recognizance on the third day of December, 1887, he failed to appear when called, and his default was entered of record in the cause. Upon the trial of this cause, as a circumstance to prove flight, the district attorney offered in evidence the record of the defendant's default on that occasion. This is also thought to be error, for the reason that there was no issue in the case as to whether or not, on that day, the defendant made default or not. The issue was one of guilt or innocence of the accused, and for that issue the record was incompetent. If the defendant fled, the fact could have been proven by any person who knew it, but his default in court on that particular day in no manner tended to prove it. Under the circumstances disclosed, it is considered that the effect of such evidence was prejudicial to the accused.

It is further suggested, as the record discloses that there was some evidence tending to show that the defendant claimed to own the steer; that being the case, it is important to observe the distinction noted in *State* v. *Chee Gong*, 16 Or. 534.

The judgment is reversed, and a new trial ordered.