[ Filed May 19, 1890.]

## JOHN A. BROWN, RESPONDENT, *v.* THOMAS JESSUP, APPELLANT.

APPEAL FROM JUSTICE'S COURT—FILING NOTICE OF APPEAL AND UNDERTAKING.—The statute regulating appeals from justice's court (§§ 2118, 2119, 2120 and 2121) does not in terms require that the notice of appeal must be first filed with the proof of service endorsed thereon; *held, therefore,* that an appeal was sufficient when the undertaking was filed with the justice before the notice, but both were filed with the justice within thirty days after the entry of judgment.

UNDERTAKING ON APPEAL—AFFIDAVIT OF SURETY.—An affidavit of the qualification of a surety on an undertaking for an appeal, which leaves the name of the surety blank at the beginning of the affidavit, thus: "——— being first duly sworn," etc., but contains no other defect, is sufficient.

APPEAL from Gilliam county: J. H. BIRD, judge.

This action was commenced in a justice's court in the city of Arlington before the recorder of that city, who is *ex officio* a justice of the peace within said city, where the plaintiff recovered a judgment for $17. The judgment was entered on January 3, 1889. The justice's docket shows that a notice of appeal was filed on the tenth of January, 1889, and on the eleventh of the same month a bond for appeal was filed, with John Jordan as surety, which was approved by the justice. There is but one notice of appeal from the justice's court in the transcript, and the proof of service endorsed thereon is dated January 15, 1889, and it is marked filed the same day. There is no file mark on the undertaking. At the term of the circuit court succeeding the appeal, the respondent filed a motion to dismiss

the same for the reason that there has been no undertak-
ing filed in said cause as required by law, and that said
appeal has not been perfected within the statutory time.
This motion was allowed, and final judgment was entered
against the defendant, from which this appeal is taken.
The other facts appear in the opinion.

*F. P. Mays*, for Appellant.

*A. S. Bennett*, for Respondent.

STRAHAN, J., delivered the opinion of the court.

The only question presented on this appeal is the alleged
insufficiency of the appeal from the justice. It was con-
tended by the respondent that the notice of appeal was
filed after the undertaking, and that there was therefore
no undertaking given. The law regulating appeals from
courts of record does prescribe the order in which the
notice and undertaking shall be filed; that is, the under-
taking must be filed *after* the filing of the notice, and it
has been often held that a disregard of its provisions
vitiated the appeal. Hill's Code, § 537. But the act regu-
lating justice's courts, and appeals therefrom, do not contain
those provisions. Section 2118 allows an appeal from a
justice's judgment to the circuit court within thirty days
from the date of the entry thereof; and section 2119 is as
follows: "An appeal is taken by serving notice thereof on
the adverse party, and filing the original, with the proof of
service endorsed thereon, with the justice, and by giving
the undertaking for the costs of the appeal as hereinafter
provided." Although named in the section after the notice
of appeal, it does not expressly direct that the undertak-
ing must be filed after the notice of appeal. No doubt the
better practice would be to first serve the notice of appeal
and endorse the proof of service thereon, and then file the
same with the justice, together with the necessary under-
taking. But the question which we must determine is,
does a disregard of this order of procedure destroy the
appeal or render it ineffectual? We think it does not.

Such a construction of the statute would introduce a degree of strictness and technicality into the practice in justice's courts very much beyond the requirements of the statute, and at variance with its spirit and purposes. Both the undertaking and the notice were filed within the thirty days after the entry of judgment, and the notice had endorsed thereon at the time it was filed, proof of service, and this appears to be all that is requisite.

2. The name of the surety is not inserted in the body of the undertaking, and in the affidavit endorsed thereon his name is left blank at the beginning, thus: "——— being duly sworn," etc., but his name is signed both to the undertaking and the affidavit, and we think this is sufficient. *Dore* v. *Covey*, 13 Cal. 502, and *ex parte* Fulton, 7 Cowen, 484, hold that it is not necessary to insert the name of the surety in the body of the undertaking, and that his signature thereto sufficiently indicates his intent to be bound by the terms of the undertaking, which is all the law requires.

3. The objection to the affidavit does not fall within *Stark* v. *Stafford*, 14 Or. 317. In that case there were two blanks in the affidavit, one at the beginning as here, and the other blank not being filled, the qualification of the surety did not appear. It read, "worth the sum of ———." The court held this to be not in compliance with law and insufficient without pointing out the particulars. Section 2123 requires that sureties in an undertaking on appeal must have the qualifications of bail upon arrest. Section 118 prescribes what the qualifications of bail upon arrest shall be. In *Stark* v. *Stafford, supra*, no amount was specified and it did not appear that the surety was worth the amount specified over and above all debts and liabilities and exclusive of property exempt from execution. The cases are clearly distinguishable.

The court below therefore erred in dismissing the appeal, and its judgment must be reversed and the cause remanded for such further proceedings as law and justice may require.