Bentley, J.
In this case the defendant, Curtis, recovered a judgment in the common pleas, against the plaintiff in error, for the sum of two thousand dollars for injuries alleged to have occurred to him while in the employ cf said railroad company, as a switchman in the yards, having had his hand crushed and losing certain of his fingers. The accident is said to have cocurred in 1886, at four o’clock in the morning, while it was dark and while he was attempting to couple two freight cars. He alleges that the company, defendant below, wa *555 negligent, and by reason of tbe negligence of the company, he received this injury, for that the company furnished tc him for coupling a defective car, a car the drawbar of which was seven inches lower than it ought to have been, and that in attempting to couple another car to this one, in ■ the nighr, he was caught between portions of the two cars and his hand was crushed in the manner stated. He says that this car was known to be defective — to the company — prior to the injury, and that they negligently still furnished it to him for use in coupling.
There are two things that are relied upon as exhibiting error of the court below, two principal things, and one is-, that the court erred in modifying a certain charge that had been requested by the railroad company; and the other, that the evidence did not sustain the verdict, and the court erred in overruling the motion of the railroad company for a new trial, for that reason.
In its charge ro the jury the court gave all of the requests which were preferred by the railroad company. They number nine, although the last two are each numbered “eight”. The exception to the act of the court in this record is: “The-defendant through its counsel here excepted to the court’s modification of defendant’s last request.”
The .last of that series of requests, as presented in the first instance, was this:
“8. That, if the plaintiff was chargeable with the omission of such duty he cannot recover in this action, if such omission of duty contributed to his injury.
The court says in its charge to the jury, after giving all the requests preceding, that: “If the plaintiff was chargeable with the omission of such duty, he oannot recover in this action if such omission of duty contributed to his injury. ” This is the exact language of the request, and the court does not in that place proceed to modify it, so far, at all.' It may, however, be that the exception related to the request preferred by the attorney of the railroad company after the court had delivered its charge for the most part.
The court says: “You may retire and select one of your-members foreman. ”
“Ycur Honor — One thing occurs to me; if Curtis, in attempting to remedy this supposed defect in the drawbar, placed a block under the strap, for the purpose of holding the drawbar up; and, if by reason of the improper manner,, in which that drawbar was placed there, it fell out and al~ *556 lowed the drawbar so tc act as to cafcoh bis hand in the link, that that should be considered the proximate cause of the injury, and the cause, on account of which he would not be entitled to recover from the company.”
It would seem thus far,that that was the verbal statement of the counsel; but it was followed further by this state* ment: ‘‘And the defendant asks your Honor to further charge: ‘That, if the jury should find that the falling of the block from under the strap, or drawbar, was the cause of the injury, that that divests him of his remedy.”
Possibly that may have been presented to the court in writing. It was stated by the plaintiff below, that, finding this drawbar too low, he had attempted to put this block in there, and it fell out in some, way, and the injury happened to him notwithstanding. The court being requested m that 'way to give that to the jury, replied as follows: ‘‘We say to the jury that the injury must have arisen from the defect ‘proven, if any was proven to have existed in the car that Was coming down the track; and it must not arise from 'anything else. The proximate cause of the injury must be 'the defect in the car-coupling.” Then the court proceeded to illustrate, and says, at the close of his illustration, “Is 'that as I understand you?” — speaking apparently to eounsel.
“I don’t think you do. Suppose the drawbar was low, and 'that it would not have been a prudent thing for him to attempt to make the coupling with it in that condition; if he attempted to make it mere safe by putting this block under there, and, in consequence of its not having been put there in a sufficiently proper manner, it fell out, and, because it fell out, he was injured — that that would all be at his risk, and not at the risk of the company.”
Then the court said: “Well, we say to the jury that the injury must have been caused by the defect. If it was not caused by the defect alleged in the petition and attempted to be set out in the evidence — why, the plaintiff has * no cause of action. If it was caused by the peculiar and careless manner in which the plaintiff handled it, and the injury was the result of an accident independent of tfiis defect, then there would be no nogligence imputable to the railroad company for an injury arising from a defect.
Treating this exception as aimed at this action of the court, we are inclined to think that the proper proposition which arises in the case and upon thp testimony, was given by the court, although perhaps not in the language presented to the court by the counsel. We think that “If the jury should find that the falling of the block from under the *557 strap, or drawbar, was the cause of the injury, that that divests him of his remedy, ’ ’ would be a severe statement, standing alone. The proof shows that the cars were pretty near together when he went in to make the coupling and when he-first noticed the condition ; that his action was very rapid — - it was in the night — and he thought, perhaps, incidentally, that he might block up the drawbar so he could couple the-cars. He attempted to do it and failed to do it, there being but little time; we are inclined to think that the iury might have taken into consideration the facts and circumstances under which the plaintiff below was acting in that regard, and that they were to judge after all whether these caused the injury, cr whether it was caused by the defect. In general, we find against the plaintiff in error upon that assignment of error.
The principal question in the case, however, arises upon this other claim: That the verdict was not sustained by sufficient evidence, and it brings that into view for discussion.
At the close of the testimony for the plaintiff below, it is recited in the bill of exceptions: “This was all the testimony cffefed in behalf of the plaintiff, which tended to show the manner in which said injury was received, and the cause for the same.” (Record, p. 25.) Also: “All other testimony offered in behalf of plaintiff related solely to the character and extent cf plaintiff’s injury. ” lb. Thereupon the attorney for the railroad company moved the court to arrest the testimony in the case from the jury and instruct them to return a verdict for the defendant. That motion was overruled and excepted tc; and thereupon, without hearing any testimony at all upon the part of the defendant, there being nmie offered, as is shown by the bill of exceptions, the case proceeded tc the jury upon the testimony offered by the plaintiff. It will be seen by the bill of exceptions that all of the testimony given to the jury is not preserved in the bill of exceptions, but the statement of the judge is, in the bill, that all other testimony offered in behalf of the plaintiff — that is, except that set out in the bill of exceptions — related solely to the character and extent of plaintiff’s injuries. ' So, the question presented to us is — ■ whether,in a case where it thus appears that all of the testimony in the case is not before us, we will still consider the question of the court’s having erred in overruling a mution for a new trial, on the ground that the verdict was not sustained by the evidence, and whether the court erred-in overruling the motion to arrest the testimony from the jury, These two questions are presented,
*558 The only case that was cited to us by defendant in error upon this point was Reid v. Sycks, 27 Ohio St., 285, 287. The-statement of the judge who delivered the opinion in that regard, is not found in the syllabus of the case, but in the first paragraph of the decision, which is this:
“'Johnson, J.: The bill of exceptions does not purport tc contain all the evidence. John P. Reed’s evidence on certain points only is set out, and it is stated that ‘this was •all the evidence on those points.’ ‘And thereupon, after ■other testimony was given on other points not mentioned herein,’ the jury brought in a verdict, etc. In this state of case it is well settled we cannot review the findings upon the evidence.”
We are not inclined to think, however, that this authority necessarily settles the question arising in this case. In this case the bill simply preserves the evidence of certain witnesses on certain points, but it does not appear but that other points material to the case below — the evidence upon other points — was not preserved, so that we are unable to say whether those points spoken of here were the only material points which the jury might consider in deciding this case That hardly meets the case in all points here.
There are many decisions which bear, in general terms, upon this point; cr instance in Wagers v. Dickey, 17 Ohio, 439, is the general statement, being as follows:
“The bill of exceptions does net profess to give all the evidence covered by the plaintiffs in support of the action prior to the motion for a non-suit. We are left altogether in the dark upon that subject, and if any supposable state of proof connected with what is shown by the first bill of exceptions would have sustained a right of action, we ought to presume such proof to have been given, until the contrary appears.” And that was a motion to non-suit.
And again, following that, in Wilson v. State, 2 Ohio St., 319, 321: “We are asked to reverse the judgment, upon the ground that the court of common pleas erred in overruling the motion for a new trial; and it is claimed that the verdict is ‘contrary to the evidence’,and ‘against the weight of evidence.’ Whatever the fact may be, the record does not sustain this preposition. The bill of exceptions does not purport to set out all that was proved. In fact, it informs us that other things than those set out were preved, and, as it cannot be presumed that the court below committed error, we are left to infer that the evidence sustained the verdict. *559 The oases of Wagers v. Dickey, 17 Ohio, 439, and Hicks v. Person, 19 Ohio, 447, are regarded as decisive on this point. ”
But while that bears in general terms upon the main proposition, it is not perhaps necessarily directly applicable to the question here. Neither is the case in Cantwell v. State, 18 Ohio St., 477, 480. The court, however, say, in that case: “As to the third ground upon which a new trial was sought, so far as it relates to the insufficiency of the evidence to sustain the verdict, it is only necéssary to say that we cannot review the action of the court below, for the record does not affirmatively show that all the evidence given to the jury was embodied in the bill of exceptions.
“The rule on this subject has been so often stated in the reported decisions of this court that it need not be again repeated here.”
But it does not appear that the precise question which arises in this case was really before the court in that case.
In the case of Ide v. Churchill, 14 Ohio St., 372, 378, we find this statement: “From the very nature of this exception, the bill of expoptions must bring before the reviewing court all the evidence acted upon in the court below, and upon which its ruling was founded; and as nothing but the record can be regarded, it is a matter of course that the bill cf exceptions must show upon its face, either expressly or by necessary implication, that it contains the whole.”
In Hicks v. Person, 19 Ohio, 426, the court use this language on page 446: “Before this court can determine whether a verdict in the court of common pleas is ‘against evidence,’ we must have, not a part only, but the whole evidence which was before the jury, on the trial, and this must be brought before us by a hill of exceptions, made part of the record.” And, in tne syllabus, it says: “It must be embodied in the bill of exceptions, or in some manner so made a part of it, that there can be no doubt that the supreme court has precisely the same evidence before it that was before the jury.” But, in this case it appeared that there was a great portion of it omitted from the bill of exceptions which might well appear to have been exceedingly valuable as bearing upon the main features of the case.
But in Eastman v. Wight, 4 Ohio St., 157, is a case which we think more nearly applies to the matter in hand. In this case it is said: “The bill cf exceptions does not state that all the evidence given at the trial is set forth, the language of the bill being that the witnesses ‘testified in substance’ as therein set forth — and in one instance, that a witness, being recalled, ‘made some explanations and testified *560 in Bubstanoe as follows.’ ” It appeared that the testimony was preserved except that infirmity — a statement of the judge who signed the bill of exceptions that the testimony of the witnesses was preserved “in substance” in the bill, and the court in a case of that kind, with that sort of a statement in the bill, says this — the opinion being pronounced by Judge Rauney: “To enable this court to review the judgment of the court below, overruling a motion for a new trial, because the verdict is claimed to be against the evidence, it must appear, either expressly or by necessary implication, that the bill of exceptions contains all the evidence given to the jury upon the trial. This has been the constant course of decision, and is affirmed in several reported cases. Kepner, Adm’r. v. Sniveley, Adm’r., 19 Ohio, 296; Walker v. Lessee of Devlin, 2 Ohio St., 593.
“Indeed, the very nature of the inquiry demonstrates the absolute necessity of the rule. No question of law is involved, but it is simply an appeal from the jury on the facts; and without having the evidence given to the jury, it is impossible for us to say whether it justified their finding or not.”
There was a statement analogous in some respects, we will say, to the statements in this bill of exceptions.
But Railway Co. v. Probst, 80 Ohio St., 104, is yet more in point,perhaps. The only difficulty with the bill of exceptions in that case, as not embodying all of the testimony, was this, reading from page 107:
“The record shows that the whole of A. Harris’deposition was offered in evidence to the jury, and that the substance only of that deposition is carried into the bill of exceptions. The jury had the whole of Harris’ deposition to consider and weigh in making up the verdict. We are asked tc declare the verdict not supported by the evidence in the case, when we are furnished with but the substance of a portion of the testimony. This is not enough. The reviewing court,, in such case, must have all the testimony that was produced and used on the trial before the jury set cut in the bill of exceptions. The substance only of any part of the testimony used in the trial will not meet the requirement of the rule.
“This doctrine, on the question of reviewing the action of the lower courts ou overruling motions for new trials, early found favor in Ohio. In the case of Hicks v. Person, 19 Ohio St., 426, it was held: “It must be embodied in the bill of' exceptions, or in some manner so made part of it, that there' can be no doubt that the supreme court has precisely the' *561 same evidence before it which was before the jury.”
“This ruie is supported by such a solid rank of the authorities in this state that we are not authorized to depart in any respect from it. ”
Now, the statement of his bill is: “As other testimony offered in behalf of plaintiff related solely to the character and extent of plaintiff’s injury. ” That was the opinion of the judge who signed the bill of exceptions and those who-prepared the bill for his signature; the statement as to the character of the other testimony, but it indicates that there was other testimony which was not preserved, and from the authority of Eastman v. Wight, 4 Ohio St., 157, and Railway Co. v. Prcbst, 30 Ohio St., 104, where the judge had made the statement,- it would seem to us, from that alone, that' the proposition is strong and analogous to the present case, and decisive of it. Peradventure the reviewing court may have had the same opinion in regard t-o the balance of the testimony that the jury may have had. The jury may have thought that that testimony omitted by the bill, which the court say bore upon other points, in fact bore upon the principal question, and this court if it were before us, might come to the same .conclusion. We think that the rule under the authorities is so absolute, in Ohio, that we are not permitted in this state of the record to reverse the judgment for this reason, although it is of no moment what the court think of the strength of the plaintiff’s case, if we had all the testimony before us.
There is one authority, in 28 Ohio St., which was cited to-the court.
Whelan’s Ex’r. v. Kinsley’s Adm’r., 26 Ohio St., 131, was cited as indicating that the rule here furnished is not necessarily a guide.
We think that the court was not considering the question that is raised in this case. There, the court feund that the pleadings entitled the plaintiff to recover,and having certain testimony before it and not finding in that testimony any-, thing conflicting with the plaintiff’s position, but so far as it went, tending to support it-, the court found that there was no error in the aotion of the court below. We consider that that does not make an invasion of the rule.
Woolley v. Staley. Treas., 39 Ohio St., 354, was also cited. The last clause of the syllabus is: “3. Where a bill cf exceptions discloses all of the evidence offered on the trial, and this court, upon examination thereof, finds that all the facts which such evidence in any degree ttmds to- prove will not sustain the judgment, it must be reversed. ”
*562 The supreme court in this case was considering whether cr ■not,in view of the law that did not require them to judge of the weight of the testimony, they could reverse a case where there was no testimony to support the. verdict, absolutely no testimony, and it was a case where all the testimony was preserved by the bill of exceptions; so we are unable to say that that would dispose of the question here, and we think the judgment must be affirmed, for the reasons stated. No penalty will be adjudged.