LOUIS DRECHSEL v. THE STATE.

*No. 965.   Decided March 18th, 1896.*

#### 1.   Local Option—Indictment.

An indictment for selling intoxicating liquors, in violation of local option, is fatally defective, which does not allege the name of the purchaser of the intoxicating liquor sold.

#### 2.   Same—Charge.

On a trial for violation of local option, where the charge of the court authorized the jury to convict, "if the defendant made a sale in said precinct at any time while the law was in force;" and also authorized a conviction if defendant, "did use any subterfuge in the sale of any intoxicating liquors." Held: The charge was erroneous, in that it authorized a conviction for a sale to a person or persons, not named as the purchaser in the indictment; and the latter clause authorized a conviction for any sale made during the pendency of the law, or at any other time. The charge should have limited the case to the allegations in the indictment.

APPEAL from the County Court of Parker. Tried below before Hon. J. L. L. McCALL, County Judge.

This appeal is from a conviction for a violation of local option, the punishment being assessed at a fine of $25 and twenty days' imprisonment in the county jail.

No statement necessary.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, in Precinct No. 1, of Parker County, said law being then in force in said precinct. With but one exception, the questions

raised in this case are the same as those in case No. 964, Drechsel v. State, ante p. 577, and, upon the authority of that case, those questions are decided adversely to the appellant's contention. The court charged the jury, among other things, as follows: "If, therefore, from the evidence, the jury believe that the law prohibiting the sale of intoxicating liquors at the date of the alleged offense charged in this case was in force in justice's precinct No. 1, of Parker County, Texas, and that the defendant, on or about said date, and while the law was in force in said precinct, did sell any intoxicating liquors in said justice precinct, or did sell any intoxicating liquors whatever to John Fawkes, or did use any subterfuge in the sale of any intoxicating liquors, then they will find the defendant guilty," etc. An exception was properly reserved to this charge. In charging this offense, it is necessary for the information or indictment to allege the name of the purchaser of the intoxicating liquor charged to have been sold. It has been held that, if the information or indictment is insufficient in this respect, it will be vicious. This being true, it is necessary to prove the name of the purchaser. It will be observed by reference to the charge, that not only did the court authorize the conviction of defendant in case of the sale to the alleged purchaser, but authorized a conviction "if the defendant made a sale in said precinct at any time while the law was in force" therein, and authorized the conviction of appellant if he "did use any subterfuge in the sale of any intoxicating liquors." This latter clause would authorize a conviction of the appellant if he used any subterfuge in the sale of intoxicating liquors at any time, to anybody. Why these charges were given to the jury we do not understand. The appellant's conviction may have occurred or could have occurred for any sale of intoxicating liquors that he may have made at any time during the pendency of the law, or at any other time. This is rather comprehensive, under the allegations of the indictment in this case, that the sale was made to Fawkes. The charge should have confined the jury to this averment. The judgment of the lower court is reversed, and the cause remanded.

*Reversed and Remanded.*