Argued October 31, decided November 20, 1911.

## STATE *v.* TOWNSEND.

[118 Pac. 1020.]

STATUTES—CONSTRUCTION—ADOPTION OF STATUTES OF SISTER STATE.

1. Where a statute of a sister state, which has been judicially construed by the highest court of such state, is adopted, the construction controls.

INDICTMENT AND INFORMATION — REQUISITES — CONSTITUTIONAL
    GUARANTY.

2. Article I, Section 11, of the Constitution, guaranteeing to accused the right to demand the nature and cause of the accusations against him, is not abrogated or modified by Article VII, Section 3, as amended November 8, 1910 (Laws 1911, p. 7), so as to authorize the Supreme Court to enter a proper judgment in a criminal case.

INTOXICATING LIQUORS—INDICTMENT—SPECIFICATION OF FACTS—CER-
    TAINTY—PRESUMPTIONS.

3. An indictment charging a violation of the local option law, which alleges that the county court of the county had prohibited the sale of intoxicating liquors therein, does not justify the inference that an election had been held, in view of the disputable presumption created by Section 799, subd. 15, L. O. L., that official duty has been regularly performed, since an indictment must be certain in the specification of the facts constituting the crime charged.

INTOXICATING LIQUORS — INDICTMENT — ADOPTION AND VIOLATION OF
    LOCAL OPTION LAWS—REQUISITES.

4. An indictment for a violation of the local option law (Sections
4920-4937, L. O. L.), which alleges that accused unlawfully sold liquor
in a county, in violation of an order of the county court prohibiting the
sale of intoxicating liquors therein, and that the act of accused was
contrary to the statutes, but which fails to allege the holding of a local
option election, and the result in favor of prohibition, is fatally defective
for uncertainty, in view of the local option law, punishing an illegal sale
in local option territory, and Section 4947, punishing a sale of liquor
without license in territory where the local option law is not applicable.

INDICTMENT AND INFORMATION—STATUTORY OFFENSES.

5. An indictment for a misdemeanor created by statute, which charges
a commission of the offense in the words of the statute, and sets forth
the facts constituting the crime so as to notify accused of the wrong
imputed to him, is, sufficient.

INTOXICATING LIQUORS — INDICTMENT — ADOPTION AND VIOLATION OF
    LOCAL OPTION LAW—REQUISITES.

6. An indictment for a violation of the local option law (Sections
4920-4937, L. O. L.), must allege the holding of an election, the result
in favor of prohibition, an order of the county court declaring the result,
an order of prohibition, and a sale within the prohibition territory.

From Union: JOHN W. KNOWLES, Judge.

The defendant, Victor Townsend, was tried and con-
victed of violating the local option law, and from the
judgment and sentence following, he appeals.

REVERSED.

For appellant there was a brief and oral arguments by
Mr. Charles Cochran, Mr. George Cochran and Mr.
Charles H. Finn.

For the State there was a brief over the names of Mr.
Francis S. Ivanhoe, District Attorney, and Mr. Andrew
M. Crawford, Attorney General, with oral arguments by
Mr. Ivanhoe and Mr. Isaac H. Van Winkle, Assistant
Attorney General.

MR. JUSTICE MOORE delivered the opinion of the court.

This is an appeal by the defendant from a judgment
of conviction after a trial upon a plea of not guilty to a
charge which, omitting the formal parts, is in the follow-
ing language:

"Victor Townsend, the above-named defendant, is accused by the grand jury of the county of Union and State of Oregon, in this indictment, of the crime of selling intoxicating liquors, committed as follows: That said Victor Townsend, on the 23d day of May, A. D. 1910, in the county of Union and State of Oregon, did then and there wrongfully and unlawfully sell to one William Spencer one pint of intoxicating liquors, for which he then and there charged and received and accepted from him, the said William Spencer, the sum of thirty-five cents, lawful money of the United States of America, and that the sale of said intoxicating liquors was contrary to and in violation of an order of the county court of Union County, State of Oregon, duly made and entered on the 29th day of June, A. D. 1908, which said order absolutely prohibited the sale of intoxicating liquors in the whole of said Union County, State of Oregon, from, on, and after the 1st day of July, A. D. 1908, and which said order ever since has been and still is in full force and effect within the whole of said Union County, State of Oregon, and that the act of said defendant was and is contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

A demurrer to the indictment, on the ground that it did not state facts sufficient to constitute a crime, was overruled, and it is contended that an error was thereby committed. Our local option law (Sections 4920-4937, L. O. L.), proposed by initiative petition and enacted by the voters of Oregon, June 6, 1904, though changed in some particulars to suit the title of courts and some other local conditions, was patterned after the law of Texas. Rev. Stat. Tex. 1895, §§ 3384-3399. In that state the commissioners' court of each county, which tribunal appears to be equivalent to the county court in Oregon, of its own motion may, and when petitioned therefor must, order an election to be held by the qualified voters in such county, justice's precinct, or subdivision of such county, or in any town or city, to determine whether or not the sale of intoxicating liquors shall be prohibited

Sig. 8

therein. Rev. Stat. Tex. 1895, § 3384. When an election has been ordered, the clerk of the commissioners' court is required to cause notices of the election to be posted. Rev. Stat. Tex., § 3387. A local option election must be conducted in accordance with existing laws regulating elections, and within ten days thereafter report of the vote must be made to the commissioners' court. Rev. Stat. Tex. § 3389.

"Said court shall hold a special session on the eleventh day after the holding of said election, or as soon thereafter as practicable, for the purpose of opening the polls and counting the votes; and if a majority of the votes are 'for prohibition,' the court shall immediately make an order declaring the result of said vote, and absolutely prohibiting the sale of intoxicating liquors within the prescribed limits, except for the purposes and under the regulations specified in this title, until such time as the qualified voters therein may at a legal election held for that purpose by a majority vote decide otherwise; and the order thus made shall be held to be *prima facie* evidence that all the provisions of law have been complied with in giving notice of and holding said election, and in counting and returning the votes and declaring the result thereof." Rev. Stat. Tex. § 3390.

"The order of court declaring the result and prohibiting the sale of such liquors shall be published for four successive weeks in some newspaper published in the county wherein such election has been held. * * If there be no newspaper published, in the county, then the county judge shall cause publication to be made by posting copies of said order at three public places within the prescribed limits for the aforesaid length of time." Rev. Stat. Tex. § 3391.

"When any such election has been held and has resulted in favor of prohibition, and the aforesaid court has made the order declaring the result, and the order of prohibition, and has caused the same to be published as aforesaid, any person who shall thereafter, within the prescribed bounds of prohibition, sell, exchange or give away, with the purpose of evading the provisions of this.

title, any intoxicating liquors whatsoever, or in any way violate any of the provisions of this title, shall be subject to prosecution, by information or indictment, and shall be punished as prescribed in the Penal Code." Rev. Stat. Tex. § 3396.

In construing these provisions in *Sedberry* v. *State,* 14 Tex. App. 233, it was held (May 23, 1883) that an indictment was sufficient, the charging part of which read as follows:

"One Robert Sedberry, late of said county, on the 1st day of November, 1882, and in said county and state of Texas, did then and there unlawfully sell intoxicating liquors, after the qualified voters of said Bosque county had determined, at an election held in accordance with the laws of the state of Texas, that the sale and exchange of intoxicating liquors should be prohibited in said county, and after the commissioners' court of said county had made an order prohibiting the sale of intoxicating liquors, and after said order had been published for four weeks in the Independent Blade, a newspaper published in said county, * * contrary," etc.

The manner of thus stating the facts constituting the offense was approved in *McMillan* v. *State,* 18 Tex. App. 375. In *Dixon* v. *State,* 21 Tex. App. 517: 518 (1 S. W. 448), however, it was held that an indictment or information, to be sufficient to charge a violation of the local option law, should allege the name of the person to whom the liquor was unlawfully sold, or, if his name was unknown to the grand jury, that fact should be averred. In referring to the preceding decision, it is said:

"The indictments in those cases were excepted to upon numerous other grounds, and were held sufficient with reference to such exceptions, but cannot be considered as adjudicated on exceptions not made, or to which the attention of the court was not called."

To the same effect, see *Martin* v. *State,* 31 Tex. Cr. R. 27 (19 S. W. 434); *Drechsel* v. *State,* 35 Tex. Cr. R. 580 (34 S. W. 934). In *Stewart* v. *State,* 35 Tex. Cr. R. 391:

393 (33 S. W. 1081), decided January 29, 1896, the information charged that Stewart, "on the 7th of October, 1895, and within the following described subdivision of Collin county, to wit: [giving a minute description of the territory] did then and there unlawfully sell to Charley Wrenn intoxicating liquors; the sale of intoxicating liquors having theretofore, and being then and there, prohibited in said subdivision under and by· the laws of said state." A motion to quash the information, on the ground that it was insufficient, having been denied, a trial was had, and the accused convicted. In reversing the judgment, it is said:

"Before the local option law can be put into operation in a given territory, an election for that purpose must be held in accordance with the laws of this state. It is thus made a part of the description and definition of the offense that the election declaring prohibition shall have been held in accordance with the laws of the state of Texas; and, in order, therefore, to convict a person of this offense, it must be alleged and proved that the election was so held. It must further be alleged that the order was made for that purpose, and due publication made, as required by the statute. It is just as essential to allege and prove these constituent elements of this offense as it is to allege and prove the sale of intoxicating liquors."

In *Hall* v. *State,* 37 Tex. Cr. R. 219 (39 S. W. 117), the Court of Criminal Appeals of Texas, on February 24, 1897, reaffirmed the legal principle last adverted to, and held that an information for violating the local option law must allege that an election on local option was held, that the commissioners' court declared the result, and that publication was made to put the same in force. These decisions have been referred to in order to show how the local option law of Texas was judicially con-

strued in that state, prior to the enactment of substantially the same statute in Oregon.

1. The rule is well settled that when a statute of another state has been adopted in Oregon the construction placed upon the act by the court of last resort of the state from which the law was borrowed, made prior to the enactment in this State, controls the interpretation herein. *Putnam* v. *Douglas County,* 6 Or. 328 (25 Am. Rep. 527) ; *Crawford* v. *Roberts,* 8 Or. 324; *Gerrish* v. *Gerrish,* 8 Or. 351 (34 Am. Rep. 585) ; *McIntyre* v. *Kamm,* 12 Or. 253 (7 Pac. 27) ; *Trabant* v. *Rummell,* 14 Or. 17 (12 Pac. 56) ; *Barmore* v. *Medical Examiners,* 21 Or. 301 (28 Pac. 8) ; *Everding* v. *McGinn,* 23 Or. 15 (35 Pac. 178) ; *Jenkins* v. *Hall,* 26 Or. 79 (37 Pac. 62).

2. "In all criminal prosecutions, the accused shall have the right * * to demand the nature and cause of the accusation against him." Article I, Section 11, Constitution of Oregon.

This guaranty of a statement of the essential facts constituting the commission of a crime is not abrogated or modified by Article VII, Section 3, of the organic act, as amended November 8, 1910 (Laws 1911, p. 7), so as to authorize this court to enter a proper judgment in a criminal action; for in adopting such alteration in the fundamental law it was evidently not intended to abolish or dispense with any of the necessary requirements of an indictment. *State* v. *Dougherty,* 4 Or. 200; *State* v. *Ah Sam,* 14 Or. 347 (13 Pac. 303) ; *State* v. *Lee,* 17 Or. 488 (21 Pac. 455) ; *State* v. *Shaw,* 22 Or. 287 (29 Pac. 1028). The purpose of granting to a party charged with the commission of a crime the constitutional right to demand the nature and cause of the accusation against him is very succinctly stated in *Norris* v. *State,* 33 Miss. 373: 376, where Mr. Justice FISHER, speaking for the court, says:

"The object is not to screen the guilty, but to protect the innocent; and by departing from a rule supported by

the clearest dictates of reason, while it may be true that the guilty will but seldom, if ever, escape punishment, yet it may be equally true that the innocent may, with almost equal facility, in many cases, be convicted, and unjustly suffer a punishment designed by law for criminals only."

To the same effect, see *People* v. *Olmstead,* 30 Mich. 431: 438.

3. The disputable presumption that official duty has been regularly performed (Section 799, sub. 15, L. O. L.) is not sufficient in criminal pleading to warrant the deduction of an inference that an election had been held from the averment that the county court of Union County made an order absolutely prohibiting the sale of intoxicating liquors in the entire county; for an indictment must be direct and certain in the specification of the facts constituting the crime alleged to have been committed, and nothing will be supplied by intendment or inference. Wharton's Crim. Pl. & Pr. (9 ed.) § 225; 22 Cyc. 293, note 74.

4, 5. The averment that the defendant unlawfully sold intoxicating liquors in Union County, and the concluding part of the indictment, "Contrary to the statute," etc., do not charge an offense with that degree of certainty re-. quired to allege the commission of a crime, since there are two statutes in Oregon relating to illegal sales of intoxicating liquors. If such sale be made in prohibited territory, the punishment which can be inflicted upon conviction is a fine of not less than $50 nor more than $500, or by imprisonment in the county jail not less than 10 nor more than 30 days, or by both such fine and imprisonment. Section 4934, L. O. L. A sale of intoxicating liquor, without first having secured a license in territory where the local option law is not applicable, subjects the offender, upon conviction, to a fine of not less

than $200 nor more than $400.   Section 4947, L. O. L. The defendant was entitled to be informed with certainty as to which of the statutes was alleged to have been violated.   An indictment for a misdemeanor created by statute is sufficient, if it charge a commission of the offense in the words of the enactment, and also sets forth the facts constituting the crime with such particularly as to notify the accused of the wrong imputed to him. *State* v. *Shaw,* 22 Or. 287 (29 Pac. 1028) ; *State* v. *Thompson,* 28 Or. 296 (42 Pac. 1002) ; *State v. Miller,* 54 Or. 381 (103 Pac. 519).

6. The local option law, specifying the initatory proceedings demanded before its provisions can be violated, is as follows, except the numbers in parenthesis, which have been added, to wit:

" (1) When any such election has been held (2) and has resulted .in favor of prohibition (3) and the county court has made the order declaring the result (4) and the order of prohibition, any person who shall thereafter, within the perscribed [prescribed] bounds of prohibition, sell," etc.  Section 4934, L. O. L.

An indictment for a violation of that statute, to be valid, must set forth the four constituent facts thus noted.   The failure to aver that an election had been held in Union County, at which a majority of all the votes cast on that subject favored prohibition, rendered the indictment inadequate, in that it did not state facts sufficient to constitute a crime, and an error was committed in overruling the demurrer interposed on that ground.

The judgment is therefore reversed, and the cause remanded, with directions to sustain the demurrer, and for such further proceedings as may be necessary.

REVERSED.