Argued October 31, decided November 20, 1911.

## STATE *v.* KENNEDY.

[118 Pac. 1023.]

INTOXICATING LIQUORS — INDICTMENT — ADOPTION AND VIOLATION OF LOCAL OPTION LAW—REQUISITES.

An indictment charging a violation of the local option law, which does not allege that an election has been held in the county to determine whether sales of liquor should be prohibited therein, is fatally defective.

From Union: JOHN W. KNOWLES, Judge.

Statement by MR. JUSTICE MOORE.

The defendants, Dell Kennedy and L. Remillard, were indicted for the crime of selling intoxicating liquors, and having been tried they were found guilty, and appeal from the resulting judgment, assigning as error, *inter alia,* the action of the court in overruling a demurrer interposed to the formal accusation, on the ground that it did not state facts sufficient to constitute a crime.

For appellant there was a brief with oral arguments by *Mr. Charles Cochran, Mr. George Cochran* and *Mr. Charles H. Finn.*

For the State there was a brief over the names of *Mr. Francis S. Ivanhoe,* District Attorney, and *Mr. Andrew M. Crawford,* Attorney General, with oral arguments by *Mr. Ivanhoe* and *Mr. Isaac H. Van Winkle,* Assistant Attorney General.

MR. JUSTICE MOORE delivered the opinion of the court.

The charging part of the indictment is as follows:

"That the said Dell Kennedy and L. Remillard, on the 1st day of June, A. D. 1910, in the county of Union and State of Oregon, did then and there wrongfully and unlawfully, while then and there acting and conspiring together, sell to one Ben Morgan, one gill of intoxicating liquor, for which they then and there charged, received, and accepted from him, the said Ben Morgan, the sum of 15 cents, lawful money of the United States of America;

and that the said sale of intoxicating liquor was contrary to and in violation of an order of the county court of Union County, State of Oregon, duly made and entered on the 29th day of June, A. D. 1908, which said order absolutely prohibited the sale of intoxicating liquors in the whole of said Union County, State of Oregon, from, on, and after the 1st day of July, A. D. 1908, and which said order ever since has been and still is in full force and effect within the whole of said Union County, State of Oregon; and that the acts of said defendants and each of them were and are contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

It will be observed that this indictment does not allege that an election was held in Union County to determine whether or not the sale of intoxicating liquors should be prohibited therein, which averment was material. *State* v. *Townsend*, 60 Or. 223 (118 Pac. 1020). The failure in this respect renders the indictment vulnerable to the demurrer, in failing to sustain which an error was committed.

The judgment is therefore reversed, and the cause remanded with directions to sustain the demurrer, and for such further proceedings as may be necessary.

REVERSED.